# Morrison *v.* Stevenson.

*Statutory Real Action in Nature of Ejectment.*

1. *Construction of pre-existing statute adopted by re-enactment of the statute.*—It is a settled rule, that in the adoption of the Code, the legislature is presumed to have known the fixed judicial construction, which pre-existing statutes had received, and the substantial re-enactment of such statutes is a legislative adoption of that construction.

2. *Section 3235 of the Code construed.*—Section 3235 of the Code of 1876, allowing a plaintiff or his legal representative to commence suit again within one year from the arrest of a judgment obtained by him, or from the reversal of such judgment on appeal, although the period limited may in the meantime have expired, refers only to actions at law and judgments therein rendered, and can not be extended, so as to save an action at law, commenced within a year after the reversal of a decree in equity, rendered for the same cause and upon the same right of action.

3. *Statute of limitations; party insisting on exception to, must bring himself within the exception.*—Section 3235 of the Code of 1876, is, in its nature and operation, an exception to the general statute of limitations, in that it withdraws from the influence of the statute a particular case, which would otherwise fall within the words and bar of the statute; and a party insisting on the exception thereby created, must point out the exception and bring himself within its saving terms.

4. *Section 3756 of the Code; merely a legislative affirmation of a prevailing principle.*—The statute embraced in section 3758 of the Code of 1876, providing that the statute of limitations should apply to suits in chancery, is a mere legislative affirmation of the principle which prevailed at the time of its adoption; and it does not extend the exception to the statute of limitations created by section 3235 of the Code, so as to save an action at law, which had been commenced within a year after the reversal of a decree in equity, rendered for the same cause and upon the same right of action.

APPEAL from Lowndes Circuit Court.

Tried before Hon. JOHN MOORE.

[Morrison v. Stevenson.]

This was a statutory real action in the nature of ejectment, brought by Mary E. Morrison and others, the appellants, against Henry Giddens and Harrison Stevenson, for the recovery of a tract of land, and was commenced on 24th of September, 1880. Henry Giddens disclaimed all interest in the lands; but Harrison Stevenson, the appellee, defended the suit and set up, among other defenses, the statute of limitations of ten years. To this plea the plaintiffs replied, that "said plaintiffs heretofore, to-wit: on the 10th day of October, 1872, filed their bill in the Chancery Court of said Lowndes county, against said defendant, praying for a decree of said court to remove a cloud from the title of plaintiffs to the said land sued for in this action of ejectment and to recover the same, together with the rents and mesne profits thereof during the possession of the defendant, and for general relief, and that they obtained and were granted by said Chancery Court a decree in favor of the plaintiffs and against said defendant for the removal of said cloud from their said title to said land, and for the recovery of said land together with the said rents and mesne profits thereon, as ascertained by said court, on to-wit: the—day of——187—; that thereupon the defendant took an appeal from said decree to the Supreme Court of the State of Alabama, and upon the hearing of said appeal in said Supreme Court, at the term thereof of December 1879, and within twelve months before the bringing of this suit in ejectment now here pending, the said Supreme Court reversed the said decree of said Chancery Court, which was rendered therein in favor of plaintiffs as aforesaid." To this replication the defendant demurred on the ground, that "the proceedings of the said Chancery Court mentioned in said replication, is not one of the cases mentioned in section 3235 of the Code of 1876." The court sustained the demurrer to the replication; and upon issue joined upon the defendant's pleas, the cause was tried and resulted in a judgment for the defendant. From this judgment the plaintiffs appealed, and here assign as error the action of the court below in sustaining the defendant's demurrer to said replication.

Cook & Enochs, for appellant.

David Clopton, W. C. Griffin, and Clements & Tyson, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The replication to the plea of the statute of limitations is founded on the statute (Code of 1876, § 3235), which provides: "If suit be brought in any of the said actions,

29

[Morrison v. Stevenson.]

before the time limited has expired, and judgment be rendered for the plaintiff, and such judgment be arrested or reversed on appeal, the plaintiff, or his legal representative, may commence suit again in one year from the reversal or arrest of such judgment, though the period limited may in the meantime have expired; and in like manner, if more than one judgment be reversed or arrested an action may be recommenced within one year." This section of the Code is a re-enactment of a previous statute with but slight changes of phraseology, and without addition other than the last·clause referring to successive or cumulative actions, which has no bearing on the question now involved.—Clay's Dig. 328, 586.

It is a settled rule, that in the adoption of the Code, the legislature is presumed to have known the fixed judicial construction pre-existing statutes had received, and the substantial re-enactment of such statutes is a legislative adoption of that construction.—*Duramus v. Harrison*, 26 Ala. 326; *Ex parte Banks*, 28 Ala. 28; *Stallworth v. Stallworth*, 29 Ala. 76; *Bank of Mobile v. Meagher*, 33 Ala. 622. In *Roland v. Logan*, 18 Ala. 307, the precise question arising on the replication was presented to this court, dependent on the interpretation and construction of the pre-existing statute, of which the present statute is a re-enactment in substance. It was held the statute referred only to actions at law and judgments thereon rendered, and could not be extended so as to save an action at law, commenced within a year after the reversal of a decree in equity rendered for the same cause and upon the same right of action. The correctness of the decision can not be seriously questioned. The words of the statute refer only to actions at law and judgments therein rendered which may be reversed or arrested.

In its nature and operation the statute creates an exception to the general statute of limitations—it withdraws a particular case, which otherwise would fall within the words and bar of the statute. A party insisting on an exception to the bar of the statute of limitations, must point out the exception and bring himself within its saving terms. He must maintain a right to the exception, by its terms, or by authority, or on some principle clearly analogous to the decided cases in exposition of the exception. By fair construction, by just interpretation, the words of the statute can not be extended to an action at law commenced within one year after the reversal of a decree in equity. This was the known, fixed judicial construction the former statute had received, and with that construction it was incorporated into the Code. If there had been a legislative intention to change the construction, there would have been a

[Morrison v. Stevenson.]

change of the phraseology of the statute, or the addition to it of words clearly expressing the intention.

It is insisted that, as by statute, the statute of limitations is made applicable to suits in chancery (Code of 1876, § 3758), the statutory exception should be construed so as to embrace a case like the present, in which there was a decree in chancery reversed, and a subsequent action at law founded on the same cause or matter. This is not a suit in equity and it is to suits in equity—suits which are pending—it is declared the statute of limitations shall be applied. Before the enactment of the statute, the principle prevailing in courts of equity in this State was, that in all cases of concurrent jurisdiction, the statutes of limitation were as obligatory on these courts as on courts of law. In all cases of exclusive equitable cognizance, the courts applied them by analogy, and thus they were obeyed in equity as at law.—1 Brick. Dig. 698, 852-4. The statute is a mere legislative affirmation of the principle prevailing at the time of its adoption. In the Code may be found many similar affirmations—legislative adoptions of individual expositions of the common law. From the incorporation into a revision or codification of statutes of rules of law or of equity, there can be no presumption or intendment that such rules were not the law previously, or that it is intended to contract or to expand their operation. The whole argument of appellants is founded on the erroneous supposition that the express statutory declaration, that the statutes of limitations are applicable to suits in equity, is a change in the law in existence when *Roland v. Logan* was decided. If there was the supposed change, it is difficult to conceive that it necessitates a change in the construction fixed upon the statute by that decision. When the law is settled by well defined construction of statutes, and the statutes undergo revision or codification, it would introduce much of confusion and uncertainty, if changes of construction were adopted in the absence of a clear legislative intention to work them; or if a contraction or expansion of the construction of statutes was allowed, because rules and principles of law or of equity which had not been the subject of legislative enactment, were introduced into the revision or codification.

There was no error in sustaining the demurrer to the replication to the statute of limitations.

Let the judgment be affirmed.