# Condon *v.* Enger & Co.

*Action on Promissory Notes.*

1. *Appeals; how ruling upon demurrers should be shown.*—On appeal, the rulings upon demurrers should be shown by the minute or judgment entries found in the transcript; and where rulings upon the demurrers appear only from entries said to be found upon the docket of the presiding judge, incorporated in the transcript, which are mere memoranda from which the judgment entries should be made, they will not be reviewed.

2. *Statute of limitations; burden of proof as to exceptions therefrom.*—In an action upon a promissory note, where it appears from the face of the note that it matured more than six years before the commencement of the suit, it is *prima facie* within the bar of the statute of limitations; and when defendant, by special plea, sets up the statute, to which plea the plaintiff replies that his claim or demand is within the

[Condon v. Enger & Co.]

exception to the statute (Code of 1886, § 2622), because the defendant has not resided in the State for six years since the execution of the note, the burden of proof rests upon plaintiff to show defendant's absence from the State, so as to bring the case within the exception to the statute.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This suit was commenced by the appellees, George Enger & Company, on March 7, 1893, against the appellant, J. P. Condon, and counted upon four promissory notes. It is unnecessary to make a detailed statement of the facts.

Among the charges given by the court at the request of the plaintiffs, and to the giving of each of which the defendant separately excepted, were the following: (1.) "The burden of proof is on the defendant to show that he not only came into the State as much as six years before March 7th, 1893, but that he has lived in the State as much as six years since the maturity of the notes." (2.) "The burden of proof is on the defendant to show that he has actually been in the State for six years since the maturity of the notes, and before March 7th, 1893."

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

RICHARD H. FRIES, for appellant.—Whoever relies upon the exception of the statute to relieve him from the operation of the general rule, must state facts to show that he is within the exception.—*Bercy v. Lavretta,* 63 Ala. 374; *Morrison v. Stevenson,* 69 Ala. 451.

Defendant may use the allegations of complaint as admissions of the plaintiff to sustain the plea of the statute of limitations, and then the burden of evidence will be shifted to plaintiff to prove some exception. Had plaintiff seen fit to anticipate the defendant's plea and alleged matter to avoid its effect and the defendant had traversed the complainant, the same rule and principle would apply, and the burden of proving the allegations of the complaint would be on plaintiff.—2 Greenl. on Evidence, 458.

[Condon v. Enger & Co.]

A plaintiff who grounds his right of action upon a negative allegation, the establishment of which is an essential element of his case, assumes the burden to prove it, though negative in its terms.—*O'Kane v. Miller*, 3 Ind. App. 136; 1 Greenl. on Evidence, 113, 120; 2 Greenl. on Evidence, 428, 431, and notes; *Capen v. Woodrow*, 61 Vt. 106 Hence it is, that the burden was upon the plaintiff to prove the defendant's absence from the State.

CABANISS & WEAKLEY and GEORGE HUDDLESTON, *contra.*—1. The rulings on demurrer must be set out in the judgment entry.—*Efurd v. Loeb.* 82 Ala. 429 *Powell v. Henry*, 96 Ala. 412; *Steele v. Savage*, 85 Ala. 230; *Park v. Lide*, 90 Ala. 246. There can be no review on appeal of the ruling of the court on a demurrer when the record does not disclose what it was except by what seems to be a mere docket direction to the clerk.—*Park v. Lide*, 90 Ala. 246. The sufficiency of a demurrer will not be considered by the appellate court when the record shows no ruling by the trial court.—*Steed v. Knowles*, 97 Ala. 573, and cases there cited.

2. A replication that defendant has not resided in the State a sufficient length of time to create a bar under the statute of limitations will be taken as true in the absence of proof to the contrary, and the burden of proof is on defendant to show that it is not true.—*Rogers v. DeBardeleben*, 97 Ala. 154; *Farrall v. State*, 32 Ala. 557; 1 Greenl. on Evidence, § 79.

3. Where the statute of limitations is pleaded and the plaintiff replies that defendant has not lived in the State six years and proves that the defendant was a nonresident at the time the contract sued upon was made, the burden shifts and is on defendant to show when such non-residence ceased, and that he has actually been within the State a sufficient length of time to create a bar under that statute.—*State Bank v. Seawell*, 18 Ala. 616; Abbott's Trial Evidence, p. 823, (note citing N. Y. cases).

4- A defendant pleading the statute of limitations in a suit on a note assumes the burden of showing not only that the right of action accrued six years before the institution of the suit, but that the statute actually began to run six years before the suit was brought.—*Crocker*

[Condon v. Enger & Co.]

*v. Clements,* 23 Ala. 296; *Jones v. Jones,* 18 Ala. 248; *Towns v. Bardwell,* 1 S. & P. 36.

BRICKELL, C. J.—The action, in which the appellees were plaintiffs and the appellant was defendant, was commenced on the 7th day of March, 1893, founded on four promissory notes past due for more than six years before the commencement of suit. The defendant pleaded in the form prescribed by the Code, the statute of limitations of six years; to which the plaintiff replied generally, and filed two special replications. The first avers, "that the defendant has not lived in this State a sufficient length of time to create a bar under the statute of limitations;" and the second avers, "that the notes were made in the State of Texas, and that defendant has not lived in this State for 6 years, since the execution of said notes." The defendant demurred to the latter replication, but the ruling or judgment of the court on the demurrer is not shown by the minute or judgment entries found in the transcript; it appears only from entries said to be found on the docket of the presiding judge which the clerk has incorporated in the transcript. If these memoranda exist, they are material from which the minute and judgment entries should have been constructed and completed; but they are not the memorial of the proceedings and rulings of the court, importing absolute verity, it is the duty of the clerk to certify to this court.—*Park v. Lide,* 90 Ala. 246; *Speed v. Cocke,* 57 Ala. 209; *Farmer v. Wilson,* 34 Ala. 75. We cannot consider the assignment of error, relating to the overruling of the demurrer.

As the case is presented, there is no occasion for considering or deciding any other question, than upon which party the burden of proof devolved—whether it was upon the plaintiff to show that the defendant had not lived in the State for the period of six years subsequent to the making of the notes; or was it upon the defendant to show that he had lived in the State for that period. And in considering this question, we do not intend to indicate any opinion in regard to either replication—whether they do, or do not, raise immaterial or false issues, or are subject to demurrer for insufficiency. Whatever may be true in this respect, does affect the

[Condon v. Enger & Co.]

question, upon which party the law devolves the burden of proof.

When the plaintiff's case is *prima facie* within the bar of the statute of limitations, and the statute is pleaded as a defense, if there be any cause or reason for excepting the case from the operation of the statute, the plaintiff must by special replication put such matter in issue. *Bercy v. Lavretta*, 63 Ala. 374; *Morrison v. Stevenson*, 69 Ala. 448. The statute creates the bar, and declares the particular cases, in which it shall not operate, or rather, the exceptions to its operation. As was said in *Bercy v. Lavretta, supra:* "Whoever relies on the exception, to relieve him from the operation of the general rule, must state facts which show he is within the exception." And as was said in *Morrison v. Stevenson, supra:* "In its nature and operation the statute creates an exception to the general statute of limitations—it withdraws a particular case, which otherwise would fall within the words and bar of the statute. A party insisting on an exception to the bar of the statute of limitations, must point out the exception and bring himself within its saving terms." In Angell on Limitations, section 292, the rule is stated, that when any special matter is relied on to avoid the bar of the statute, it must be replied specially to the plea.

The notes appearing on their face to have matured more than six years before the commencement of the suit, were *prima facie* within the bar of the statute. Though the fact was apparent on the face of the complaint, the defendant could not by demurrer avail himself of the statute; he was bound to plead it specially. The principal, controlling reason, for not permitting a defendant in courts of law, by demurrer, to avail himself of the statute, is, that thereby he would deprive the plaintiff of the opportunity of replying that the case was within some one of the exceptions to the statute, or any other matter which would prevent the bar from attaching. Ang. Lim., § 285; *Huss v. Cent. R. R. & B. Co.*, 66 Ala 472. It is merely elementary to say, that the burden of proving a disputed fact, rests, in all cases, upon the party affirming its existence, and claiming to derive right and benefit from it.—3 Brick. Dig. 433, § 388. And the burden cannot be shifted by the form a party may give his pleading. "Regard is had, in this matter, to the

substance and effect of the issue, rather than to the form of it; for in many cases the party, by making a slight change in his pleading, may give the issue a negative or an affirmative form, at his pleasure."—1 Greenl. Ev., § 74. We attach no importance to the form of these replications, in determining the inquiry, on whom the burden of proof devolved.

In 2 Greenl. Ev., § 431, it is said : "When the statute of limitations is set up in bar of a right of action, by the plea of *actio non accruit sex annos*, which is traversed, the burden of proof is on the plaintiff, to show both a cause of action, and the suing out of process within the period mentioned in the statute." When the plaintiff relies upon the absence of the defendant from the State, as bringing the case within the exception of the statute, that the burden of proof rests upon him to prove the absence, and not upon the defendant to prove his presence within the State for the statutory period, is, it seems to us, well established by authority, and rests upon undeniable principle.—*Pond v. Gibson*, 5 Allen, (Mass.) 19 ; *Slocum v. Riley*, 145 Mass. 370 ; *Cook v. Cook*, 10 Heiskell, (Tenn.) 464. In *Slocum v. Riley, supra*, the court said that which is directly applicable to this case : "Inasmuch as the note on its face appears to have matured more than six years before suing out process against the maker, if the plaintiff relies upon the absence of the maker from the State as bringing the case within the exception of the statute, the burden is upon him to prove that the absence was of such a character that the time of the absence is to be deducted in computing the period of limitation." In *State Bank v. Seawell*, 18 Ala. 616-19, the plea was of the statute of limitations of six years, to which the plaintiff replied the absence of defendant from the State. The court said : "The plaintiff by the nature of its replication took the *onus* of proof upon itself, but the *onus* may shift in the course of a trial several times." In *Hurst v. Parker*, 1 B. & Ald. 92, Lord Ellenborough said : "The only question is, on whom is the issue? Now the affirmative of the issue is on the plaintiff, who says that the cause of action did accrue within six years." It is not necessary to pursue the further discussion of the question. The weight of authority devolved on the plaintiffs the burden of showing the truth of the replication : that for six years subsequent to the making of

[Highland Ave. & Belt R. R. Co. *et al.* v. B'gham R'y & E. Co.]

the notes, the defendant lived without the State ; this is the issue they tendered. The court below, in several of the rulings in the giving and refusal of instructions, contravened this principle.

The judgment is reversed and the cause remanded.

Reversed and remanded.