# Wood Dickerson Supply Company *v.* Cocciola, *et al.*

### Bill to Enforce Material-Man's Lien.

#### (Decided Dec. 19, 1907.  45 So. Rep. 192.)

1. *Limitation of Action; Failure of Former Action; Extension of Time.*—The provisions of section 2806, Code 1896, have no application to suits in chancery, but apply alone to actions at law.

2. *Statutes; Construction; Re-enactment.*—Where a statute has received a judicial construction, and has been re-adopted or re-enacted by Code or otherwise, the legislature is presumed to have knowledge of the judicial construction given it, and its substantial re-enactment is an adoption by the legislature of this construction.

APPEAL from Birmingham City Court.

Heard before Hon. Charles A. SENN.

Bill by the Wood-Dickerson Supply Company against Lois Cocciola and others. From a judgment sustaining demurrers to the bill, plaintiff appeals. Affirmed.

The case made by the bill is: That at various times between the 9th of August, 1901, and the 26th of November 1901, complainants furnished Rast with material for building to the value of $1,985.57, which was used in erecting buildings for Lois and Jennie Cocciola, bills for which were sent to Rast and copies thereof to the other respondents; that Rast failed and did not complete the contract, and complainants sold to Lois Cocciola materials to complete the building in the sum of $1,-134.42; that proper notices were given and a proper lien filed in the office of the judge of probate of Jefferson county within the time allowed by law (copies of which notices and liens are set out in the bill), that within 90 days after the filing of said lien complainants filed their bill against all the parties to the lien to enforce it;

that relief was granted in the lower court against all the respondents, and on an appeal to the Supreme Court the decree granting relief against Lois and Jennie Cocciola was affirmed as to the materials furnished them individually, but reversed and rendered as to the relief granted them against the Cocciolas on the demand against Rast; and that they now bring the present suit within one year from the time of such reversal. Demurrers were interposed as follows: "(1) The bill is wanting in equity. (2) It appears in and by the averments of the bill that the cause of action therein set out is barred by the statute of limitation in such cases made and provided. (3) That section 2806 of the Code of 1896, under which it is sought to maintain this bill, refers only to cases at law, and does not apply to equity cases, and said section does not apply in this cause."

A. C. & H. R. Howze, for appellant. Section 2806, is made applicable to suits in chancery.—Section 674, Code 1896; *Conners v. Smith,* 88 Ala. 300; *Dunham Lbr. Co. v. Holt,* 124 Ala. 185. This action is brought under section 2733, Code 1896, and there is no reason why the statute of limitations should apply in one court and not in another.—*Thompson v. Parker,* 68 Ala. 387; *Moulton v. Henderson,* 62 Ala. 430; *Conners v. Smith, supra; Bercy v. Lavaretta,* 63 Ala. 374. The allegations of the bill are sufficient.—*Hill v. Huckabee,* 70 Ala. 183; *Napier v. Foster,* 80 Ala. 379.

A. LATADY, for appellee. The case having been dismissed and the present bill filed after the running of the statute of limitations, the present bill was not saved by section 2806, of the Code of 1896. That section applies exclusively to courts of law.—*Roland v. Logan,* 18 Ala. 308; *Morrison v. Stevenson,* 69 Ala. 448; *Dumas v. Harrison,* 26 Ala. 326; *Ex parte Banks,* 28 Ala. 28; *Stall-*

*worth v. Stallworth*, 29 Ala. 76; *Bank of Mobile v. Meagher*, 33 Ala. 622. An inferior court cannot alter or modify the judgment of the Supreme Court.—*Wiswell v. Monroe*, 4 Ala. 9; *Norris v. Caldwell*, 20 Ala. 304; *Werborn v. Penny*, 76 Ala. 291.

ANDERSON, J.—Section 2806 of the Code of 1896, providing for additional time to bring a second action after the arrest or reversal of a judgment upon an appeal, has been heretofore construed by this court as applying only to actions at law, and not suits in chancery. —*Morrison v. Stevenson*, 69 Ala. 448; *Roland v. Logan*, 18 Ala. 307. This statute has been repeatedly adopted by the Legislatures without the slightest change. "It is a settled rule that in the adoption of the Code the Legislature is presumed to have known the fixed judicial construction pre-existing statutes had received, and the substantial re-enactment of such statutes is a legislative adoption of that construction."—*Morrison v. Stevenson, supra; Duramus v. Harrison*, 26 Ala. 326; *Ex parte Banks*, 28 Ala. 28; *Stallworth v. Stallworth*, 29 Ala. 76; *Bank of Mobile v. Meagher*, 33 Ala. 622.

Section 674 of the Code of 1896 does not apply to the extension of time given to bring a second action at law under section 2806. Nor do the cases of *Dunham Land Co. v. Holt*, 124 Ala. 181, 27 South. 556, and *Conner v. Smith*, 88 Ala. 311, 7 Southt. 150, apply to this question, as section 2806 was not involved in either case, and what was said as to the application of limitations and exceptions by the statute, and by analogy to suits in chancery, could not have referred to said section, which had been previously interpreted as applicable only to actions at law.

The decree of the city court is affirmed.

TYSON, C. J., and DENSON and McCLELLAN, JJ., concur.