[Corona Coal & Iron Co. v. Lucas E. Moore Stave Company.]

# Corona Coal & Iron Co. *v.* Lucas E. Moore Stave Company.

*Trespass and Statutory Penalty for Cutting Trees.*

(Decided April 16, 1914.   65 South. 51.)

1. *Attachment; Additional Affidavit; Failure to Make.*—The failure to make additional affidavit required by section 2929, Code 1907, affects the levy only, and not the issuance of the writ, and although the levy could be reduced or discharged on proper motion, a proper complaint or count should not be stricken for that reason.

2. *Same; Waiver of Failure to File.*—A general appearance by a non-resident defendant made subsequent to the levy of attachment, was a waiver of the failure of plaintiff to file the additional affidavit required by section 2929, Code 1907, the same being a mere irregularity.

3. *Appeal and Error; Harmless Error; Striking Pleading.*—Where a complaint contained counts in trespass on land for cutting timber therefrom, and a count for the penalty imposed by section 6035, Code 1907, for cutting trees on the land, error in striking the count in trespass was not cured by the retention of the count for statutory penalty, as the causes of action stated in the different counts were not the same.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

The Corona Coal & Iron Company sued the Lucas E. Moore Stave Company for trespass to land by cutting trees thereon, and for the statutory penalty for the trees cut. Judgment for defendant and plaintiff appeals. Reversed and remanded.

DAVIS & FITE, for appellant. The court erred in striking the first count of complaint.—§ 2924, Code 1907; *Guy v. Lee,* 81 Ala. 163; *Atkinson v. James,* 96 Ala. 214; *U. S. R. S. Co. v. Clark,* 95 Ala. 322; *Dittman B. & S. Co. v. Mixon,* 120 Ala. 210; *Plummer v. Hardison,* 60 South. 502. The general appearance entered by defendant waived the irregularity of a failure to file the addi-

[Corona Coal & Iron Co. v. Lucas E. Moore Stave Company.]

tional affidavits required by § 2929, Code 1907.—*Goldsmith v. Stetson,* 39 Ala. 183; *Carter v. O'Brien,* 105 Ala. 305; *Ballard v. Mayfield,* 107 Ala. 399. The court erred in directing verdict for defendant.—*Ga. Pac. v. Propst,* 83 Ala. 518; *Miller L. Co. v. Stewart,* 51 South. 945; *St. L. & S. F. R. R. Co. v. Hunt,* 60 South. 531; *Wooten v. Fed. Disct. Co.,* 62 South. 264.

WALTER NESMITH, and RAY & COONER, for appellee. The attachment was never lawfuly issued, because the action sounded in damages merely, and the additional affidavit required by § 2929, Code 1907, was never made. If there was error in striking the count, it was error without injury as plaintiff took all under the second count that he could have taken under the first.—124 U. S. 731; 1 Mart. 194; 60 Ga. 112; 7 Barb. 254. There was no waiver of this defect by making a general appearance.

McCLELLAN, J.—The appellant instituted this action against the appellee. The complaint was filed June 15, 1912. It contained two counts, viz.: The first for damages for trespass upon land and cutting timber therefrom; the second, for recovery of the statutory penalty (Code, § 6035) for cutting, etc., trees, etc., of a certain kind on the lands of the plaintiff. The defendant is a nonresident corporation. On June 15, 1912, the same date upon which the complaint was filed, affidavit for writ of attachment was filed by J. R. Pill, who affirmed that he was agent for the plaintiff corporation and had authority to make the affidavit. It was set forth in this affidavit that the defendant was justly due plaintiff $585, and that the defendant was a nonresident. Thereupon the clerk of the circuit court issued the writ desired, and on June 18, 1912, it was ex-

ecuted by the sheriff by levy upon certain personal property of the defendant. On June 25, 1912, Mr. Fite, as attorney for the plaintiff, filed an *additional* affidavit for further process of attachment upon the affirmation that it was necessary. On that date the judge of the circuit court, upon application to him, ordered the issuance of an "additional or alias" writ of attachment, and this order was observed by the clerk, and the writ executed by levy upon personal property. On June 29, 1912, the defendant's forthcoming bond was approved. On July 11, 1912, the defendant, through its attorneys, entered a general appearance. At the threshold of the trial, March 10, 1913, the defendant moved to strike the *first* count on the grounds: "(1) It is not justified by the affidavit filed; (2) such count sounds in damages merely, and therefore the issue of attachment on the affidavit does not justify the filing of said count; (3) because there is a variance between said count and the affidavit." In response to the motion the court struck the *first* count.

In *Bozeman v. Rose,* 40 Ala. 212, 218, interpreting the parent statute (section 2508 of the Code of 1852) it was said: "In cases requiring it, the special affidavit is made for the single purpose of enabling the judge or chancellor, issuing the attachment, 'to determine the amount for which a levy must be made.'" The statute (section 2508) has been several times readopted with this judicial construction impressed upon it.— *Wood Supply Co. v. Cocciola,* 153 Ala. 555, 45 South. 192; *Bruce v. Sierra,* 175 Ala. 517, 57 South. 709. We must now take the statute as interpreted in *Bozeman v. Rose.* The restriction made by the statute has reference only to the "amount for which the levy must be made." And, as said in *Bozeman v. Rose,* "none of the * * * safeguards provided by the law against injury and op-

[Corona Coal & Iron Co. v. Lucas E. Moore Stave Company.]

pression in the use of the process are dispensed with; and, on the affidavit of the defendant, the amount for which the levy is made may be reduced, and the levy released to the amount of the reduction, at the return term of the attachment."

The necessary consequences is that the failure to make the *additional* affidavit affects the *levy*, and not the issuance, of the writ of attachment. Unless waived the absence of the additional affidavit would afford the basis for seasonable motion to reduce or to discharge the levy. Certainly, a proper complaint, or a count thereof, should not be stricken because of the omission to make the additional affidavit, since to do so would result in giving the nonobservance of a requirement with respect to the levy, only, the effect to abate the action—a penalty that would not at all consist with the omission thus made. But, if this omission should be taken as affecting the *issue* of the writ by the clerk, it was an irregularity only.

The *general appearance,* made subsequent to the levy by the nonresident defendant, effected a waiver of this irregularity.—*Goldsmith v. Stetson,* 39 Ala. 189.

The causes of action stated in the first and second counts were not the same; and the error resulting from striking the first count, in response to the motion, was not cured by the retention of the distinct cause of action set forth in the second count.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.