299 So.2d 281

**In re Bryce GRAHAM, in the case of Leo Dial**

v.

**CITY OF SHEFFIELD.**

**Ex parte Bryce U. Graham.**

**SC 922.**

Supreme Court of Alabama.

Aug. 22, 1974.

---

Bryce U. Graham, per se.

## PETITION FOR WRIT OF CERTIORARI TO COURT OF CRIMINAL APPEALS

### PER CURIAM.

Bryce U. Graham petitions for a writ of certiorari to the Court of Criminal Appeals which rendered no opinion in the case. Graham was found guilty of contempt of court. His ground for certiorari is that the decision of the Court of Criminal Appeals conflicts with a prior decision of this court. He does not however comply with Rule 39, and obviously he could not, because the Court of Criminal Appeals rendered no opinion from which he could quote. He does not cite any case though from this court, or any other court, which conflicts with the appellate court's action affirming the trial court.

Petitioner avers that he was found guilty of contempt of court without being charged, without being given an opportunity to answer the accusation, and without being given an opportunity to defend himself. He asserts that his constitutional rights were violated in that he was denied due process of law. He prays that we have the full record in the Court of Criminal Appeals sent up for review and to correct the error therein.

■ Where a federal question is involved, we will review the Court of Criminal Appeals even in the absence of an opinion of that court. State v. Parrish, 242 Ala. 7, 5 So.2d 828.

■ Here, though, the petitioner does not inform us what court held him in contempt, what allegedly precipitated the adjudication, or what kind of contempt he was found guilty of. If his conduct was a personal abuse and disrespect of the court, or something of equal gravity, in open court, the conduct would have been a direct contempt. The court would have been justified in dealing with the offender on the scene. The petition does not inform us however whether the contempt was direct or indirect. Of course, there is a distinction between the two. In Nichols v. Nichols, 46 Ala.App. 67, 238 So.2d 186, the court cites with approval a Florida appellate court decision which makes the distinction as follows:

"The court in In re S. L. T., (Fla.App.), 180 So.2d 374, stated as follows:

" 'A contempt proceeding is direct where the act constituting the contempt is committed in the immediate presence of the court. Direct contempt proceedings are summary and may be without pleading, formal charge or affidavit. Where an act is committed out of the presence of the court the proceeding to punish is for indirect (constructive) contempt. Such proceedings must ordinarily be instituted by accusation, pleading or affidavit setting forth the facts consti-

tuting the contempt. Formal pleading may become unnecessary if the person charged is given notice of the charge and a hearing. A court may on its own motion institute an indirect contempt proceeding. In an indirect contempt proceeding the accused is always entitled to a hearing and an opportunity to resist the charge through defense or explanation.' (180 So.2d at page 378)"

Since the petitioner fails to show that he falls within the category of an indirect contempt, his petition is insufficient to show that a federal question is involved that would entitle him to our going to the record to ascertain what went on.

Further, the petitioner tenders us a one page argument as his supporting brief. It cites no authority whatsoever and consequently does not comply with Rule 9 or Rule 39. In fact, petitioner does no more than repeat some language from part of his petition.

Application for writ of certiorari is denied.

Writ denied.

COLEMAN, HARWOOD, BLOOD-WORTH, McCALL and JONES, JJ., concur.