SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION FILINGS FOR DOCKET FEE- PURPOSES
Mr. Charles Y. Cameron, Administrative Director of Courts, has requested my interpretation “of which filings are contemplated by Rule 7 of the Alabama Rules of Judicial Administration as being original filings for docket fee purposes.”
My answer to this inquiry is given pursuant to the authority conferred on the Clerk of the Supreme Court by Section 6-105, Act No. 1205, Acts of Alabama, 1975 Regular Session, to give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the Supreme Court.
It is my opinion that Rule 7, Alabama Rules of Judicial Administration, considered with Sections 16-109, 16-110 and *1339 16-111, Act No. 1205, supra, contemplates that a petition to modify a final decree and a petition for rule to show cause in a contempt proceeding shall be treated as an original filing for docket fee purposes; and that the filing of a third-party complaint shall not be treated as an original filing.
The Alabama Rules of Judicial Administration, effective January 16, 1977, were adopted by the Supreme Court of Alabama on October 14,1976, pursuant to the authority granted by Section 6.11 of Article VI of the Constitution of Alabama, as amended (Amendment 328 to the Constitution of Alabama).
Rule 7, supra, is as follows:

Fees for Miscellaneous Filings —

Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.
In my opinion, the words, “Any filing,” in Rule 7 have reference to the words, “Cases filed,” in Section 16-111(c) of Act No. 1205, supra, and should be read in connection with that section.
The part of Section 16-111, supra, pertinent to this opinion, reads as follows:
Amount of docket fees to be collected in civil cases.—
The docket fees which shall be collected in civil cases are:
. (c) thirty-five dollars for cases filed in the circuit court .
This opinion is not intended to cover all proceedings in which a question may arise as to the filing fee under Rule 7, Rules of Judicial Administration. The three cases discussed are illustrative of my opinion that in order for a filing fee to be charged under Rule 7, Rules of Judicial Administration, the proceeding must constitute a “case” within the meaning of Section 16-111.

Petition to Modify a Final Decree

Please see Opinion No. 1, dated April 26, 1977, wherein I stated that in my opinion a proceeding to modify a final decree such as a decree of divorce concerning monthly alimony payments, child support and child custody on the basis of change of circumstances since the final decree, is a case within the meaning of the words,- “Cases filed,” in Section 16-111(c), supra, and that a filing of a petition in such a proceeding is a “filing” under Rule 7, Rules of Judicial Administration.

Petition for Rule to Show Cause in a Contempt Proceeding

The rule in Alabama concerning contempt proceedings has been stated as follows:
It has been held that a proceeding to punish for other than direct contempt is a distinct and independent proceeding as much so as a new suit and necessitates the giving of notice of all proceedings. Robertson v. State, 20 Ala.App. 514, 521, 104 So. 561, 567 (1924); International Brotherhood of Electrical Workers et al. v. Davis Constructors and Engineers, Inc., et al., Ala.1976, 334 So.2d 892; See also Musgrove v. U. S. Pipe & Foundry Company, 290 Ala. 156, 274 So.2d 640 (1972).
In Alabama, disobedience to the order of a court is an indirect contempt, whereas, contempt committed within the presence or so near the court as to interrupt its proceedings is a direct contempt. See In re Tarpley, 293 Ala. 137, 300 So.2d 409.
In my opinion, a proceeding for contempt for failure to comply with the decree of a court is a “case” within the meaning of the words, “Cases filed,” in Section 16-111(c), supra, and the filing of a petition for rule to show cause in such a proceeding is a “filing” under Rule 7, Rules of Judicial Administration.

Third-Party Complaint

Rule 14, Alabama Rules of Civil Procedure, provides for third-party practice. It states, among other things, the following:
At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff’s claim against him.
*1340 Since Rule 14, Alabama Rules of Civil Procedure, is based on Rule 14, Federal Rules of Civil Procedure, it is proper to give attention to the way that the federal courts have treated Rule 14.
It has been held that a proceeding on a third-party plaintiff’s claim under Rule 14 is an ancillary proceeding incidental to the main action and that no separate ground of jurisdiction is required. United States v. Acord et al., 10 Cir., 209 F.2d 709. The great weight of authqrity is in accord with this holding. 3 Moore’s Federal Practice, ¶ 14.26 (2nd Ed.)
The United States Circuit Court of Appeals for the Fifth Circuit, in Falls Industries, Inc. v. Consolidated Chemical Industries, Inc., 258 F.2d 277 (1958), made it clear that the third-party proceeding is not a separate case in these words:
Its purpose is to reduce litigation by having one lawsuit do the work of two.
An impleader under Rule 14 requires that the liability of a third party be dependent upon the outcome of the main claim. United States v. Joe Grasso & Son, Inc., 380 F.2d 749 (5th Cir., 1967); Falls Industries, Inc. v. Consolidated Chemical Industries, Inc., supra; Southeast Mortgage Company v. Mullins, 514 F.2d 747 (5th Cir., 1975).
It is significant that the United States District Courts do not charge a filing fee on the filing of third-party complaints under Section 1914, Title 28, U.S.Code, which provides as follows:
The clerk of each district court shall require the parties instituting any civil action, suit or proceedings in such court, whether by original process, removal or otherwise, to pay a filing fee of $15, except that on application for a writ of habeas corpus the filing fee shall be $5.
Section 16-110, Act No. 1205, Acts of Alabama, 1975 Regular Session, provides for the collection of the consolidated filing fee at the time of filing. A third-party proceeding is not considered an independent case unless there is a severance under Rule 21, Alabama Rules of Civil Procedure. Key v. Robert M. Duke Insurance Agency et al., Ala.1976, 340 So.2d 781; Central of Georgia Railway v. Riegel Textile Corp., 426 F.2d 935, 8 A.L.R.Fed. 701 (5th Cir., 1970).
In my opinion, a third-party proceeding is not a “case” within the meaning of the words, “Cases filed,” in Section 16-111(c), supra; and a filing of a third-party complaint is not a “filing” that authorizes a docket fee at the time of filing under Rule 7, Rules of Judicial Administration.