ON APPLICATION FOR REHEARING
HARRIS, Presiding Judge.
The Attorney General has filed in this Court an application for rehearing seeking to set aside, annul and hold for naught an order of this Court issued on December 3, 1977, directed to Honorable Joe G. Barnard, one of the Judges of the Circuit Court of Jefferson County, in which he was ordered to vacate, set aside, and hold for naught his decree in case number 179876 in which he adjudged Sandra Hill Tetter in contempt and sentenced her to five days in jail. We further ordered Judge Barnard to hold a hearing on the issue of contempt in this case with counsel present to represent the interest of the said Sandra Hill Tetter and that a full record of this hearing be forwarded to this Court for review before any further action is taken in this matter.
This is an important case and the issue to be determined is whether this Court has jurisdiction in contempt proceedings growing out of civil cases. In the past few weeks this Court has issued orders in two contempt proceedings arising from purely domestic problems over which this Court does not have final jurisdiction. In each such case the majority of this Court was of the considered opinion that we should not assume jurisdiction, but due to the urgency of the situation we issued the orders without writing a formal opinion. In the present case this Court met in emergency session on Saturday morning, December 3, 1977, because Mrs. Tetter was put in jail the previous Friday night.
The other case involved petitioner’s incarceration for a period in excess of three weeks due to a civil contempt committed when he refused to surrender certain household furniture, furnishings and other property which were set forth in a divorce decree. Petitioner was in jail and could not personally deliver the items of property as ordered by the Court. We ordered him released for 48 hours to comply with the decree of the Court.
It was the opinion of this Court in each of these cases that we were controlled by the case of Musgrove v. United States Pipe and Foundry Company, 290 Ala. 156, 274 So.2d 640, but we entertained grave misgivings as to whether we, indeed, had jurisdiction. Nevertheless, we felt bound by the decision in Musgrove, supra.
We are aware that Musgrove, supra, was bottomed on Robertson v. State, 20 Ala. App. 514, 104 So. 561. Robertson was not reviewed by the Supreme Court. We deem Robertson to be bad law and here and now overrule the decision in that case.
In view of the foregoing we earnestly urge the Supreme Court to decide if this Court is compelled to entertain jurisdiction in contempt proceedings growing out of *1045 purely civil matters over which we have no jurisdiction to render final orders.
Application be and the same is hereby overruled.
TYSON, DeCARLO and BOWEN, JJ., concur.
BOOKOUT, J., dissents.