SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION DOCKET FEE — PETITION FOR RULE TO SHOW CAUSE IN A CONTEMPT PROCEEDING
Mr. Allen L. Tapley, Administrative Director of Courts, has requested my opinion, as Clerk of the Supreme Court, as follows:
In Opinion No. 3, May 4,1977, you stated that a petition for rule to show cause in a contempt proceeding should be treated as an original filing for docket fee purposes. Does this opinion authorize a docket fee for a petition for rule to show cause filed prior to a final decree or filed pursuant to an interlocutory decree?
Section 12-2-19(d), Code of Alabama 1975, authorizes the Clerk of the Supreme Court to “give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the Supreme Court to any other officer or official of the state who shows a need for such opinion and requests the same.”
The inquiry must be answered in the affirmative.
In Opinion No. 3, it was stated that a proceeding for contempt for failure to comply with the decree of the court is a “case” within the meaning of the words, “cases filed,” in § 16-111, supra, now § 12-19-71, Code of Alabama 1975, and that the filing of a petition for rule to show cause in such a proceeding is a “filing” under Rule 7, Rules of Judicial Administration.
Rule 7, Alabama Rules of Judicial Administration, is as follows:
*98 FEES FOR MISCELLANEOUS FILINGS
“Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
The term, “consolidated fee structure,” in Rule 7, supra, means the list of fees prescribed in Title 12, Chapter 19, Code of Alabama. Opinion of the Clerk, No. 11, 356 So.2d 636 (1978). There is no express cost under the consolidated fee structure for the filing of a petition for rule to show cause in a contempt proceeding.
The words, “as an original filing for cost purposes,” in Rule 7 refer to “cases” filed in § 12-19-71, Code of Alabama 1975, which provides a docket fee for civil cases.
The rule in Alabama is that a proceeding for contempt is not a part of the main case, before the court, but it is a proceeding in itself. Ex Parte Dickens, 162 Ala. 272, 276, 50 So. 218, 220 (1909); Musgrove v. United States Pipe and Foundry Co., 290 Ala. 156, 274 So.2d 640 (1972); Robertson v. State, 20 Ala.App. 514, 104 So. 561 (1925); Falk v. Falk, Ala.Civ.App., 355 So.2d 722 (1978).
This rule is more fully explained in Robertson v. State, supra, as follows:
“A contempt proceeding raises an issue outside the pending cause. While in some cases, it may, in a sense, be collateral to the main cause, it is not a part of that cause. It is a separate, independent proceeding, governed by well-established rules of procedure . . .” (Underlining supplied)
Robertson v. State, supra, which cites Ex Parte Dickens, supra, and is quoted in Mus-grove v. United States Pipe & Foundry Co., supra, has not been overruled on its statement of this rule. See Tetter v. State, Ala.Cr.App., 358 So.2d 1043 (1977); Ex rel Attorney General, In re Tetter v. State, Ala., 358 So.2d 1046 (1978).
It is my opinion that the filing of a petition for rule to show cause in a contempt proceeding whether it is prior or subsequent to the final decree or judgment in the main cause, is a “filing” within the meaning of Rule 7, supra; and that a docket fee is required to be collected at the time the petition is filed.