SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION
FEES FOR MISCELLANEOUS FILINGS
CONTEMPT ORDERS
Mr. D. L. Cockrell, Register of the Circuit Court, Tenth Judicial Circuit of Alabama, Equity Division, Birmingham, has submitted to me an inquiry based upon the following facts:
An attorney seeking a contempt order or a Rule Nisi will submit the petition and order to the judge and, at his discretion, he may or may not sign the order. The prefiling fee is not paid until the signed order is filed in my office.
The question is: “Can we charge filing fees seeking contempt orders prior to final judgment as we are now doing?”
It is my opinion that this question should be answered in the affirmative.
The question requires an interpretation of Rule 7, Alabama Rules of Judicial Administration, which reads as follows:
“FEES FOR MISCELLANEOUS FILINGS
Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
The term “consolidated fee structure” in Rule 7, supra, means the list of fees prescribed in Title 12, Chapter 19, Code of Alabama. Opinion of the Clerk, No. 11, (Ala.) 356 So.2d 636 (1978). There is no express cost under the consolidated fee structure for the filing of the initial papers in a contempt proceeding.
The words “as an original filing for cost purposes” in Rule 7 refer to “cases” filed in Section 12-19 — 71, Code of Alabama 1975, which provides a docket fee for civil cases. Opinion of the Clerk, No. 17, (Ala.) 363 So.2d 97 (1978).
A proceeding for indirect or constructive contempt is not a part of the main case before the court but it is a separate and independent proceeding. Opinion of the Clerk, No. S, (Ala.) 345 So.2d 1338 at 1339 (1977). International Brotherhood of Electrical Workers, et al. v. Davis Constructors and Engineers, Inc., et al., (Ala.) 334 So.2d 892, 896 (1976); Robertson v. State, *1068 20 Ala.App. 514, 104 So. 561, 567 (1924); Ex parte Dickens, 162 Ala. 272, 277, 50 So. 218, 220 (1909); Musgrove v. United States Pipe and Foundry Co., 290 Ala. 156, 159, 274 So.2d 640, 642 (1972); Falk v. Falk, (Ala. Civ.App.) 355 So.2d 722, 726 (1978).
A contempt is indirect or constructive where the act constituting the contempt is committed out of the presence of the court. Graham v. City of Sheffield, 292 Ala. 682, 299 So.2d 281 (1974); Nichols v. Nichois, 46 Ala.App. 67, 238 So.2d 186; or where all the facts necessary to constitute the contempt are not in the personal knowledge of the judge. Carroll v. State (Ala. Crim.App.), 350 So.2d 723 (1977); Tetter v. State, (Ala.), 358 So.2d 1046 (1978).
A proceeding for indirect or constructive contempt is a “case” within the meaning of the words “cases filed” in Section 12-19-71, Code of Alabama 1975, whether it is prior or subsequent to the final decree or judgment in the main cause. Opinion of the Clerk, No. 17, (Ala.), 363 So.2d 97 (1978); Ex parte Dickens, 162 Ala. 272, 276, 50 So. 218, 220 (1909); Musgrove v. United States Pipe and Foundry Co., 290 Ala. 156, 274 So.2d 640; Robertson v. State, 20 Ala.App. 514, 104 So. 561 (1925); Falk v. Falk, (Ala.Civ.App.) 355 So.2d 722 (1978).
The question raised by the present inquiry is; “What constitutes the filing of a case in contempt proceedings?”
It has been held in Alabama that a proceeding for indirect or constructive contempt may be begun by issuing a citation or rule nisi to the alleged contemnor to appear and show cause why he should not be held in contempt. Hunter v. State, 251 Ala. 11, 37 So.2d 276 (1948); In re Tarpley, 293 Ala. 137, 142; 300 So.2d 409, 413 (1974); Carroll v. State, (Ala.Crim.App.) 350 So.2d 723, 729 (1977).
It is, therefore, my opinion that when an attorney, seeking a contempt order or rule nisi, submits a petition and order to the judge and obtains a rule nisi or order to show cause against the alleged contemnor, the prefiling fee should be paid at the time of the filing of the signed order in the office of the clerk or register.