SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION—PREFIL-ING FEES—PETITION FOR RULE NISI; PETITION TO MODIFY FINAL DECREE
Mr. D. L. Cockrell, Register of the Circuit Court, Tenth Judicial Circuit of Alabama, Equity Division, has submitted to me an inquiry based upon the following facts:
“We have attorneys filing Petitions to Modify and Petitions for Rule Nisi in the same pleading in this Court Your Opinion No. 3, dated May 4, 1977, quotes the rule in Alabama concerning contempt proceedings as follows:
“It has been held that a proceeding to punish for other than direct contempt is a distinct and independent proceeding as much so as a new suit and necessitates the giving of notice of all proceedings.”
The question is: “Can a Petition for Rule Nisi and a Petition to Modify be included in the same pleading under our prefiling fee or should there be separate petitions filed and two prefiling fees charged?”
It is my opinion that separate petitions should be filed for rule nisi and to modify a final decree and that two prefiling fees should be charged.
A proceeding for indirect or constructive contempt is a separate and independent proceeding. See Opinion of the Clerk, No. 3, May 4, 1977, Ala., 345 So.2d 1338; No. 17, October 3, 1978, Ala., 363 So.2d 97; No. 21, September 27, 1979, Ala., 375 So.2d 1066.
A proceeding to modify a final decree, such as a decree of divorce concerning monthly alimony payments, child support and child custody on the basis of a change of circumstances since the final decree, is a case within the meaning of the words “cases filed” in § 12-19-71, Code 1975. See Opinion of the Clerk, No. 1, April 26, 1977, Ala., 345 So.2d 1329.
The basic differences between contempt proceedings and proceedings to modify a final decree preclude the inclusion of a petition for rule nisi and a petition to modify in the same pleading.
The two proceedings are commenced in different ways. The proceeding to modify a final decree is commenced by the filing of a petition. See Opinion, No. 1, April 26, 1977, Ala., 345 So.2d 1329.
Contempt proceedings may be begun by issuing a citation or rule nisi to the alleged contemnor to appear and show cause why he should not be held in contempt. See Opinion of the Clerk, No. 21, September 27, 1979, Ala., 375 So.2d 1066.
It was stated in Opinion No. 21 that when an attorney, seeking a contempt order or rule nisi, submits a petition to the judge and obtains a rule nisi or order to show cause against the alleged contemnor, the prefiling fee should be paid at the time of the filing of the signed order in the office of the clerk or register.
The final judgments in the two proceedings are reviewed in different ways.
A decree or judgment to modify a final decree or judgment is reviewed by appeal. Rule 4, Alabama Rules of Appellate Procedure. See Taylor v. Taylor, Ala.Civ.App., 372 So.2d 337.
Contempt proceedings, of the kind of which inquiry was made, are not reviewable by appeal, but by certiorari, if the contemnor is not in jail, or by habeas cor *60 pus, if the contemnor is in jail. Parmer v. Parmer, Ala., 373 So.2d 845; Lovelady v. Lovelady, 281 Ala. 642, 206 So.2d 886 (1968); Wetzel v. Bessemer Bar Association, 242 Ala. 164, 5 So.2d 722 (1942).
It is, therefore, my opinion that a petition for rule nisi and a petition to modify can not be included in the same pleading under one prefiling fee and that there should be separate petitions filed and two prefiling fees charged.