SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — FEES FOR MISCELLANEOUS FILINGS— CONTEMPT PROCEEDINGS FOR FAILURE OF PARTY TO ANSWER INTERROGATORIES
Mr. M. D. Murphy, Circuit Clerk of Henry County, has asked me, as Clerk of the Supreme Court, pursuant to § 12-2-19(d), Code 1975, the following:
Should a filing fee be paid at the time of filing a proceeding for contempt and the signing of the order, where a party is seeking an order requiring an opposing party to appear and show cause why he should not be held in contempt for failure to answer interrogatories?
It is my opinion that the question should be answered in the affirmative.
Rule 7, Alabama Rules of Judicial Administration, — Fees for Miscellaneous Filings— as applied to contempt proceedings has been interpreted in several opinions. See Opinion of the Clerk, No. 25, March 12, 1980, Ala., 381 So.2d 58.
The factor for determining whether a filing fee should be paid in contempt proceedings is not whether the petition is filed prior or subsequent to the final judgment in the main case but whether the alleged contempt is direct or indirect. *739 Opinion of the Clerk, No. 17, October 3, 1978, Ala., 363 So.2d 97.
A contempt is indirect when all the facts necessary to constitute the contempt are not in the personal knowledge of the judge. Opinion of the Clerk, No. 21, September 27, 1979, Ala., 375 So.2d 1067.
A proceeding for indirect contempt should be treated as a separate and independent case. Opinion of the Clerk, No. 3, May 4, 1977, Ala., 345 So.2d 1338.
A filing fee should be paid in proceedings for indirect contempt. Opinion of the Clerk, No. 21.
When an attorney, seeking an order for indirect contempt, submits the petition directly to the judge and obtains an order for the alleged contemnor to show cause, the filing fee may be paid at the time of filing the order, together with the petition, in the office of the clerk. Opinion 21.
Rule 33(a), Alabama Rules of Civil Procedure, reads as follows:
(a) Availability; Procedures for Use. Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.
Rule 37(a), Alabama Rules of Civil Procedure, states the procedure for compelling an answer if a party fails to answer an interrogatory submitted under Rule 33.
Any contempt for failing to obey an order to answer interrogatories filed by an opposing party is an indirect contempt. See In Re Tarpley, 293 Ala. 137, 141, 300 So.2d 409, 413 (1974); International Brotherhood of Electrical Workers, et al. v. Davis Constructors and Engineers, Inc., et al., Ala., 334 So.2d 892, 895 (1976); Tetter v. State, Ala., 358 So.2d 1046 (1978).
It is my opinion that in a proceeding for contempt for failure to file interrogatories the filing fee should be paid at the time of filing the petition or, if the petition is submitted directly to the judge, at the time the order, together with the petition, is filed in the office of the clerk.