SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — ORIGINAL FILING FOR COSTS — WHERE PARTIES TO CIVIL ACTION FAIL TO COMPLY WITH AN ORDER OF THE COURT WITH RESPECT TO DISCOVERY
Honorable Robert E. Hodnette, Jr., Presiding Judge, Thirteenth Judicial Circuit, Mobile, Alabama, has made the following request to the Clerk of the Supreme Court for an opinion, pursuant to § 12-2-19(d), Code 1975:
I request your opinion as to whether the following circumstances would constitute an “original filing for costs” as contemplated by Rule 7 of the Rules of Judicial Administration.
Rule 37 of Alabama Rules of Civil Procedure provides certain sanctions where parties to civil litigation fail to comply with an order of the court with respect to responding to discovery, namely, interrogatories, motions to produce, request for admissions and third party subopenas (sic). Paragraph B (of the Rule) specifically concerns options available to the Court for failure to respond including sub-paragraph (d) whereby the parties can ask for a contempt citation or the court can order a contempt citation. The other sanctions have to do with such as disallowing of evidence, striking of pleadings, dismissal of the action or judgment by default, etc.
Usually an attorney asking for sanctions moves the court to require that interrogatories, etc., be produced within a time certain or that sanctions be imposed and the court usually orders compliance by a certain time after which sanctions may be imposed.
You are requested to advise which of these constitutes an “original filing for costs”:
1. When the party seeking discovery simply moves that the other party be required to answer in a specified time.
2. Where the party asks the court to impose sanctions for failure to either make discovery in the prescribed time or fails to make discovery after the initial order of the court within the specified time.
3. Where the attorney moves the court to hold the parties in contempt or where the court treats the matter as contempt for failure to obey the order.
*954 I call your attention to the Opinion of the Clerk of the Supreme Court of Alabama No. 28, August 1, 1980, Ala. 386 So.2d 737.
It is my opinion that neither of the three procedures, designated in Judge Hodnette’s inquiry as 1,2, and 3, constitutes an original “filing for costs” as contemplated by Rule 7, Alabama Rules of Judicial Administration.
Rule 7, Alabama Rules of Judicial Administration, is as follows:
“Fees for Miscellaneous Filings
Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
An original filing for cost purposes, as contemplated by Rule 7, is the filing of a case. Opinion of Clerk, No. 1, April 26, 1977, Ala., 345 So.2d 1329; No. 3, May 4, 1977, Ala., 345 So.2d 1338; and No. 37, August 21, 1981, Ala., 403 So.2d 891.
A case, within the meaning of Rule 7, is a suit or action in court. See Bell v. Mar-Mil Steel and Supply Co., Civ.App., 309 So.2d 471, 474, 54 Ala.App. 432. Webster’s Third New International Dictionary.
It appears that a motion to require a party to answer interrogatories within a specified time, a request to impose sanctions for failure to make discovery as required by rule or order, and a motion to hold parties in contempt for failure to respond to interrogatories, or an order treating such failure as contempt are only parts of a suit or action already commenced. Neither of these procedures commences a suit or action.
Opinion No. 28, August 1, 1980, Ala., 386 So.2d 737, is hereby overruled to the extent that it pertains to a motion to hold a party to a suit in contempt for failure to answer interrogatories.