ESDALE, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — FILING FEE FOR INDIRECT CONTEMPT FOR VIOLATION OF AN INTERLOCUTORY DECREE.
Honorable Paul S. Conger, Jr., Circuit Judge, Sixth Judicial Circuit, Tuscaloosa, Alabama, has made the following request to the Clerk of the Supreme Court for an opinion pursuant to § 12-2-19(d), Ala.Code (1975):
“I would like to request an opinion as to whether a docket or filing fee is authorized for a motion to hold a party in a pending domestic case in indirect contempt for violation of an interlocutory decree such as a temporary restraining *1095 order or a preliminary injunction, where such motion is filed prior to a final hearing or decree.”
The governing provision is Rule 7 of the Alabama Rules of Judicial Administration, which states as follows:
“Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
In Opinion of the Clerk No. 17, 363 So.2d 97 (Ala.1978), this same question was answered in the affirmative on the grounds that a contempt proceeding is a separate action when the acts in question constitute an indirect contempt of court. See Musgrove v. United States Pulp & Foundry Co., 290 Ala. 156, 274 So.2d 640 (1972); Ex parte Dickens, 162 Ala. 272, 50 So. 218 (1909); Falk v. Falk, 355 So.2d 722 (Ala.Civ.App.1978); Robertson v. State, 20 Ala.App. 514, 104 So. 501 (1925). However, it was recently held in Opinion of the Clerk No. 39, 414 So.2d 953 (Ala.1982), that motions for contempt for violations of certain interlocutory orders do not constitute original actions.
“It appears that a motion to require a party to answer interrogatories within a specified time, a request to impose sanctions for failure to make discovery as required by rule or order, and a motion to hold parties in contempt for failure to respond to interrogatories, or an order treating such failure as contempt are only parts of a suit or action already commenced. Neither of these procedures commences a suit or action.” Opinion of the Clerk No. 39.
It is my opinion that the holding in Opinion of the Clerk No. 39, supra, should be applicable to the situation posed by the question propounded herein. To hold otherwise would seem to be a distinction without a difference. A motion to hold a party in a pending case in indirect contempt for violation of an interlocutory decree, such as a temporary restraining order or a preliminary injunction, where such motion is filed prior to a final hearing or decree, is part of the original pending action and does not commence a suit or action. As such, the payment of further filing fees is not required.
The holding of Opinion of the Clerk No. 17, supra, is hereby overruled, to the extent it authorized the collection of a separate filing fee for motions to hold in contempt filed prior to the entry of a final judgment.