The Honorable Veo Easley State Representative P.O. Box 308 Sheridan, Arkansas 72150
Dear Representative Easley:
This is in response to your request for an opinion on the following question:
 Are court reporters, after having used county owned equipment such as transcription machines, typewriters, and/or any other equipment owned by the county for recording and transcribing court proceedings then entitled to sell these transcripts for profit and retain the sales proceeds for their personal use?
I assume that you are referring to circuit and chancery court reporters, although you do not specify in your request. It is my opinion, although there are no Arkansas cases on point, that the answer to your question appears to be "yes," as regards court reporters for circuit and chancery courts. These "profits" are part of these reporters' compensation as set out by statute.
Section 16-13-506 of the Arkansas Code Annotated (Cum. Supp. 1991) provides as follows:
 (a)(1) When required to make a transcript of court proceedings, each court reporter of the circuit and chancery courts shall be entitled to compensation at the rate of three dollars and ten cents ($3.10) per page for the original and two (2) copies and at the rate of fifty cents (50¢) per page for each additional copy.
 (2) When required to prepare photocopied evidence as part of a transcript, each reporter shall be entitled to compensation therefor at the rate of one dollar and fifty cents ($1.50) per page, for an original and two (2) copies, and at the rate of fifty cents (50¢) per page for each additional copy thereafter, with the cost to be paid by the parties ordering transcripts.
 (b) In indigent and in forma pauperis proceedings, the compensation to the court reporter for transcripts, provided for in subsection (a) of this section, shall be paid by the State of Arkansas. However, in such proceedings the court reporters shall be entitled to compensation from the state only for the original and two (2) copies of the transcript.
It is my opinion, reading this statute as a whole, that these court reporters may "sell" or provide transcripts to persons ordering them, and receive compensation from these persons as set out above. This compensation is a part of the reporters' remuneration and is in addition to the salary authorized by A.C.A. § 16-13-504. Two states have recognized this fact under similar circumstances. See generally, Opinion of the Clerk,
No. 29, 386 So.2d 737 (Ala. 1980), and People v. Little,392 N.Y.S.2d 831 (1977).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
ELC/WB:ch