Notwithstanding the compelling arguments presented for adopting a construction of § 25-5-53 similar to that of the majority of jurisdictions, I believe that this Court should continue to enforce that line of cases holding that the exclusive remedy provision of the Alabama Workers' Compensation Act prohibits third-party indemnity actions against employers for their employees' on-the-job injuries. Since Krebs was decided in 1978, the Legislature has reenacted § 25-5-53 twice.See Workers' Compensation Act of 1992, Act No. 92-537, § 13, 1992 Ala. Acts; Workmen's Compensation Act of 1985, Act No. 85-41, § 5, 1984-85 Ala. Acts (2d ex. sess.) 44. The language of the exclusive remedy provision was virtually unchanged by either reenactment. Therefore, applying generally accepted principles of statutory construction, I believe that this Court is compelled to view such reenactments as evidence that the Legislature intended to enact this Court's interpretation of §25-5-53.
 "Where reenactment of a statute includes a contemporaneous and practical interpretation, the practical interpretation is accorded greater weight than it ordinarily receives, as it is regarded as presumptively the correct interpretation of the law. The rule has special force where the construction was made by the judiciary. Thus where the legislature adopts an expression which has received judicial interpretation, [that] interpretation is prima facie evidence of legislative intent. . . .
 "This rule is based upon the theory that the legislature is familiar with the contemporaneous interpretation of a statute. . . . Therefore, it impliedly adopts the interpretation upon reenactment. Legislative adoption is presumed conclusive when repeated reenactments follow a notorious practical interpretation. When Congress reenacts an earlier statute, the presumption is that it knows and approves prior judicial constructions of that act by state courts. . . ."
2B Norman J. Singer, Sutherland Statutory Construction § 49.09 (5th ed. 1992) (emphasis added) (citing, inter alia, Alabama cases — State Tenure Commission v. Madison County Board ofEducation, 282 Ala. 658, 213 So.2d 823 (1968); Edgehill Corp.v. Hutchens, 282 Ala. 492, 213 So.2d 225 (1968); State v.Albright Wood, Inc., 268 Ala. 607, 109 So.2d 844 (1959);State v. McKenney, 268 Ala. 165, 105 So.2d 439 (1958); GallowayCoal Co. v. Stanford, 215 Ala. 79, 109 So. 377 (1926); Musgrovev. United States Pipe Foundry Co., 290 Ala. 156,274 So.2d 640 (1972), overruled on other grounds, Tetter v. State,358 So.2d 1046 (Ala. 1978); Robinson v. City of Montgomery,485 So.2d 695 (Ala. 1986)).
 "The proper aim of judicial interpretation is to determine the intention of the legislature. . . . [T]here exists, and has long existed, in this state, a principle that when the legislature readopts a code section, or incorporates it into a subsequent Code, prior decisions of this court permeate the statute and it is presumed that the legislature deliberately adopted the statute with knowledge of this court's interpretation thereof."
Edgehill Corp. v. Hutchens, 282 Ala. 492, 495-96,213 So.2d 225, 227-28 (1968).
In 1926, this Court stated:
 "There is another rule of construction which this court has uniformly recognized for nearly three-quarters of a century, and to which it has always accorded the obligation of a mandate:
 " 'It is a settled rule, that, in the adoption of the Code, the Legislature is presumed to have known the fixed judicial construction pre-existing statutes had received, and the substantial re-enactment of such statutes is a legislative adoption of that construction.' Morrison v. Stevenson, 69 Ala. 448, quoted with approval in Wood, etc., Co. v. Cocciola, 153 Ala. 555, 45 So. 192.
 "So, in Barnewall v. Murrell, 108 Ala. 366, 377, 18 So. 831, 836 [1895], it was declared . . .:
 " 'It is an elementary rule of statutory construction, that re-enacted statutes must receive the known, settled construction which they had received when previously of force, for it must be presumed the Legislature intended the adoption of that construction, or they would have varied the words, adapting them to a different intent. . . . The rule *Page 641 
has been of frequent application to the Code; in its construction, uniformly, the Legislature has been presumed to have known the settled construction of statutes, of which there was a substantial reenactment, and to have intended the adoption of such construction.' "
Galloway Coal Co. v. Stanford, 215 Ala. 79, 81, 109 So. 377,379 (1926) (emphasis added). In Ex parte Musgrove, this Court held that "where the legislature re-enacts a statute . . . which has been previously construed by the judiciary, the construction given in a prior decision must be accepted as part of the same." Ex parte Musgrove, 290 Ala. 156, 159,274 So.2d 640, 643 (1972), overruled on other grounds, Tetter v. State,358 So.2d 1046 (Ala. 1978) (emphasis added).
I believe that our opinions regarding legislative adoption of prior judicial interpretations clearly require this Court topresume that the reenactment of § 25-5-53, without material change to the language construed in Krebs, represents a deliberate and knowledgeable legislative adoption of that judicial interpretation. See Singer, supra, at § 49.09. In such a situation, the party seeking to uphold the construction does not have to show that the legislature "considered" the judicial interpretation of the statute in reenacting the statute; such knowledge and consideration are "presumed conclusively."
For the foregoing reasons, I respectfully dissent.
MADDOX and STEAGALL, JJ., concur.